## SMILEY vs. FULDA.

*Fourth District Court for San Francisco Co., Dec. T.,* 1857.

### INJUNCTION—AFFIDAVIT.

To obtain an injunction the material allegations of the complaint should be positively sworn to, or if they are upon information and belief they should be supported by the affidavit of the parties from whom the information was derived.

This action was brought by *Smiley,* the plaintiff, against *Fulda,* the defendant, and his creditors, who had gained priority by some fraud, on *Fulda's* failure, which facts plaintiff alleged in his complaint on information and belief, but failed to set out who the parties were that gave him the information, or annexing their affidavit to the complaint, and thus disclose to the defendant the real merits of the information and enable him to make a proper defense.

The defendant moved to dissolve the injunction, on the ground that sufficient source of information was not clearly shown, and that the defendant was entitled to that.

*Janes, Lake & Boyd,* for plaintiff.

*Eugene Casserly,* for defendant.

Plaintiff's counsel have no brief on file.

Defendant's counsel cited the following authorities in support of the motion to dissolve the injunction:

An injunction cannot be allowed on mere information and belief. The material allegations must be sworn to positively. *Room* v. *Webb,* 3 *How. Pr.* 328; *Pomeroy* v. *Hindmarsh,* 5 *ib.* 437; *Minor* v. *Terry,* 6 *ib.* 210; *Rateau* v. *Bernard,* 12 *ib.* 464; *Crocker* v. *Baker,* 3 *Abbott Pr.* 183, and cases there cited; *Campbell* v. *Morrison,* 7 *Paige* 157; *Bank of Orleans* v. *Skinner,* 9 *ib.* 305; *Woodruff* v. *Fisher,* 17 *Barb. S. C.* 224; *Perkins* v. *Collins,* 2 *Green's Ch.* 482, 1 *Barb. Ch. Pr.* 617.

HAGER, J.—By the statute law of this state, *Practice Act section* 113, an injunction may be granted if it is satisfactorily shown by a verified complaint, or by affidavits, that sufficient grounds exist therefor.

The allegation in this complaint, charging fraud and collusion between defendants, *Fulda* and *Trieste*, and which are relied upon as disclosing sufficient grounds for the issuing as well as continuing the injunction, are solely upon information and belief, and are unsupported by the names or affidavits of the parties from whom the information was derived.

According to the rule of pleading in equity, in order to obtain an injunction, the essential and material allegations of the complaint should be positively sworn to; or if they are upon information and belief, they should be supported by the affidavit of the parties from whom the information was derived, or the absence of those should be satisfactorily explained.

Here, for want of proper information of the persons who informed plaintiff, the defendant is unable to inquire into the truth of the allegations, or to contradict them by his answer or other affidavits.

I am of the opinion that it is not satisfactorily shown by the complaint, that sufficient grounds exist for the issuing or continuing the injunction. Injunction dissolved.